[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-12820

Non-Argument Calendar

_____

CAMILLE A. ABBOUD,

Plaintiff-Appellant,

*versus*

ST. JOHNS SHERIFF,
RALPH J. LARIZZA,
Florida State Attorney,
JOAN ANTHONY,
State of Florida-St. Johns Co. Circuit Judge,
DCF SECRETARY, STATE OF FLORIDA,
ST. JOHNS COUNTY & BOARD OF COMMISSIONERS,
State of Florida,
ALEXANDER R. CHRISTINE, JR.,

State of Florida-St. Johns Co. County Judge,

Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:22-cv-01204-MMH-MCR

————————————

Before BRANCH, LAGOA, and KIDD, Circuit Judges.

PER CURIAM:

Camille A. Abboud, proceeding *pro se*, appeals the district court's dismissal of his *pro se* second amended complaint under 42 U.S.C. § 1983 as an impermissible shotgun pleading.[1]   On appeal, he simply reasserts the merits of his underlying claims and

---

[1] Prior to dismissal, a magistrate judge issued an order explaining to Abboud that his original complaint was an impermissible shotgun pleading.  The magistrate judge explained what Abboud needed to do to correct the pleading problems and gave him the opportunity to refile an amended complaint. Abboud then filed a first amended complaint, which the district court struck because it too was a shotgun pleading.  The district court again explained the relevant pleading rules and what Abboud needed to do to correct the problems and encouraged Abboud to consult with a local Florida legal aid organization that offered free legal services.  The district court gave Abboud another opportunity to refile a new complaint.  Abboud then filed the underlying second amended complaint.

argues generally that the defendants and several decisions of the Florida state courts and the United States District Court for the Middle District of Florida have violated his rights in numerous ways. Abboud does not explain how the district court erred by concluding that his second amended complaint was a shotgun pleading. Nor does he cite any case law related to the shotgun pleading analysis. Accordingly, because Abboud abandoned any challenge to the district court's shotgun pleading determination by failing to raise the issue in his briefing, we affirm.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotations omitted). Nevertheless, "[w]hile we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citations omitted). "Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived." *N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998); *see also Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (explaining that, although we liberally construe *pro se* pleadings, the Court will not "serve as *de facto* counsel for a party"

or "rewrite an otherwise deficient pleading in order to sustain an action" (quotations omitted)).

By failing to provide supporting arguments and authority in his brief to challenge the district court's determination that the second amended complaint was an impermissible shotgun pleading, Abboud abandoned the issue. *N.L.R.B.*, 138 F.3d at 1422. "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo*, 739 F.3d at 680. Accordingly, because Abboud abandoned any challenge to the shotgun pleading dismissal, we affirm.

**AFFIRMED.**